**E-FILED**
Friday, 06 February, 2015  05:00:28 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| CHARLES PITTMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-CV-01120 |
| | ) | |
| MORTON BUILDINGS, INC., | ) | Magistrate Judge Jonathan E. Hawley |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MORTON BUILDINGS INC.'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO COMPEL**

Defendant Morton Buildings, Inc. ("Defendant" or "Morton Buildings"), by and through its attorneys, Paul Burmeister and Brian K. Jackson of Fisher & Phillips LLP, and pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure and Rules 26(a)(1), 26.3(d) and 33.1 of this Court's Local Rules, hereby moves this Court for an entry of an Order compelling Plaintiff Charles Pittman ("Plaintiff") to serve (a) his mandatory Rule 26(a) Disclosures; (b) Verified Written Responses to Defendant's First Set of Interrogatories; and (c) Written Responses to Defendant's First Set of Production Requests (and produce responsive documentation thereto). Defendant also requests leave to file a fee petition, pursuant to Fed. R. Civ. P. 37(a)(5)(A) and 37(d)(3), for the costs and legal fees incurred by it as a result of being forced to bring this motion. As explained in more detail below, Plaintiff's dilatory approach to written discovery is severely prejudicial to Defendant and warrants the imposition of sanctions. *See e.g., Hindman v. National-Ben Franklin Life Insurance Corp.,* 677 F.2d 617, 621 (7th Cir. 1982) (holding that the submission (or lack thereof) of incomplete and improperly executed discovery warrants the imposition of sanctions).

1

## BACKGROUND AND DEFENDANT'S RULE 37(a)(1) EFFORTS

On March 31, 2014, Plaintiff filed his complaint, in which he alleged violations of the Age Discrimination in Employment Act ("ADEA") and Illinois Human Rights Act ("IHRA") in connection with Defendant's elimination of his position at Morton Buildings. *See* Docket Entry No. 1. On September 3, 2014, Defendant served its Rule 26(a) Initial Disclosures, First Set of Interrogatories to Plaintiff and its First Set of Production Requests (collectively referred to hereinafter as "Defendant's First Set of Discovery."). Copies of Defendant's Local Rule 26.3(d) Interrogatories and Document Requests are attached hereto as Exhibit A.

Plaintiff did not serve objections or otherwise respond to Defendant's First Set of Discovery within the timeframe authorized in the Federal Rules of Civil Procedure. As such, on or about October 23, 2014, Defendant's lead counsel, Attorney Paul Burmeister ("Attorney Burmeister") wrote to Plaintiff's counsel in relation to Plaintiff's outstanding discovery responses. *See* Exhibit B, October 23, 2014 Letter ("I am writing to follow up on your client's responses to Morton Buildings' interrogatories and request for production of documents. It is closing on two months since they were sent to you for your client to answer, and I have yet to get a response. I am fairly patient when it comes to discovery, but I at least want to know that your client is working on the responses and there is an anticipated response date.").

After a week or so had passed without defense counsel receiving a response to its October 23, 2014 discovery correspondence, Attorney Burmeister called Ryan McCracken ("Attorney McCracken"), one of Plaintiff's attorneys, to get an update on Plaintiff's outstanding discovery responses. *See* Attorney Burmeister's Rule 37(a)(1) Certification attached hereto as Exhibit C, ¶ 3. The conversation was cordial and Attorney McCracken readily admitted that Plaintiff's counsel were aware that Plaintiff's discovery responses were overdue. Attorney

FPDOCS 30340732.1

McCracken further advised Attorney Burmeister that drafts of Plaintiff's discovery responses would be completed in the very near future. *Id*. at ¶ 4. As defense counsel well understood that unintentional scheduling conflicts often impact an attorney's best intentions to comply with discovery obligations, Attorney Burmeister requested that Plaintiff serve his discovery responses by mid-November 2014. *Id*. at ¶ 5.

On or about November 20, 2014, after Plaintiff failed to serve his discovery responses by Friday, October 14, 2014, Attorney Burmeister called Plaintiff's counsel again to further discuss Plaintiff's outstanding discovery. During this call, Attorney Burmeister spoke with Plaintiff's lead counsel, Attorney Richard Steagall ("Attorney Steagall") regarding Plaintiff's still outstanding discovery responses. That conversation was also very cordial, and Attorney Steagall advised Attorney Burmeister that Plaintiff's discovery response were almost complete. *Id.* at ¶ 6. Attorney Steagall further advised Attorney Burmeister that he was personally planning to meet with Plaintiff on November 25, 2014 to, among other things, finalize Plaintiff's discovery responses. *Id.* at ¶ 7.

Defense counsel neither received Plaintiff's discovery responses nor heard from Plaintiff's counsel in the two (2) week period that followed Attorney Steagall's planned meeting with Plaintiff. *Id.* at ¶ 8. As such, on December 8, 2014, Attorney Burmeister, yet again, wrote to Plaintiff's counsel regarding Plaintiff's outstanding discovery responses. *See* Exhibit D, December 8, 2014 Letter ("I am writing to follow up on the status of your responses to written discovery that were issued by Morton Buildings, Inc. to your client almost three months ago. . . You told me that you were meeting Mr. Pittman the Tuesday before Thanksgiving and shortly thereafter, you would be in touch. To date, I have heard nothing from Mr. Pittman or your office regarding this matter. In any event, I would like a response to our discovery. If I do not get

3

responses to written discovery, I will have no choice but to go to court and ask for relief.").

Defense counsel did not receive Plaintiff's discovery responses and did not hear from Plaintiff's counsel in the days that followed the aforementioned December 8, 2014 discovery letter. Exhibit C, ¶ 9. For that reason, on or about December 19, 2014, defense Attorney Brian Jackson ("Attorney Jackson") called Plaintiff's counsel to confer in relation to Plaintiff's still outstanding discovery responses. *See* Attorney Jackson's Rule 37 Certification attached hereto as Exhibit E, ¶¶ 3, 4. The conversation between Attorney Steagall and Attorney Jackson was very cordial, and, as he had with Attorney Burmeister in November 2014, Attorney Steagall advised Attorney Jackson that Plaintiff's discovery responses were almost complete. *Id*. at ¶¶ 5, 6. During this discovery phone call, Attorney Steagall also advised Attorney Jackson that Plaintiff's discovery response would be on Attorney Jackson's desk when he returned to his office on January 5, 2015. *Id*. at ¶ 6. Upon his return to the office, Attorney Jackson discovered that neither he nor Attorney Burmeister had been served with Plaintiff's discovery responses. *Id*. at ¶ 7.

As of January 22, 2015, **141** days had passed without Plaintiff serving his responses to Defendant's First Set of Discovery. On or about January 23, 2015, Attorney Steagall left a voice message for Attorney Burmeister in which Attorney Steagall, among other things, advised that Plaintiff's outstanding discovery would be submitted to defense counsel within the next day or so. Exhibit C, ¶ 10. Those discovery responses were not received over the course of the following week. *Id*. at ¶ 11.

Having exhausted all reasonable efforts towards an amicable resolution, Morton Building was compelled to incur defense costs in connection with the drafting of the instant Motion to Compel. However, despite being provided nothing more than empty promises in the past and

4

before seeking relief from this Court, defense counsel, yet again, reached out to Plaintiff's counsel before filing this Motion. *See* Exhibit F, January 30, 2015 Letter from Attorney Burmeister (offering Plaintiff yet another opportunity to serve his discovery responses and advising that a motion to compel (seeking attorneys' fees) would be filed on February 6, 2015 if Plaintiff's Initial Disclosures and discovery responses remained outstanding). Plaintiff subsequently failed to serve his discovery responses and Initial Disclosures.

## STANDARD

The Federal Rules of Civil Procedure provide, in relevant part, that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." *See* Rule 37(a)(3)(A). The Federal Rules of Civil Procedure further permits a party to file a motion compelling discovery answers of a party, who "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." *See* Rule 37(d)(1)(A)(ii). The Federal Rules of Civil Procedure also provide that the moving party may recover its attorney's fees associated with moving to compel outstanding responses to discovery requests. *See* Rule 37(d)(3); *see also* Rule 37(a)(5)(A) (absent the applicability of one or more of the three exceptions provided in Rule 37, "If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion.").

5

## ARGUMENT

As identified and explained in more detail below, Plaintiff has completely disregarded his discovery obligations. Plaintiff's dilatory conduct and passive refusal to comply in "good-faith" with the Court's discovery rules should not be tolerated. *See U.S. v. Golden Elevator, Inc.,* 301, 302 (7th Cir. 1994) (holding that litigants who play by their own rules "will find that the game cannot be won."). Thus, for the reasons explained below, this Court should grant Defendant's Motion to Compel and further grant Defendant leave to file a fee petition, pursuant to Fed. R. Civ. P. 37(d)(3) and Rule 37(a)(5)(A), for its costs and fees associated with bringing this motion.

## I.    PLAINTIFF'S INITIAL DISCLOSURES ARE LONG OVERDUE.

As an initial observation, **305** days passed between Plaintiff's filing of his Complaint and Attorney Burmeister's most recent (January 30, 2014) discovery letter. Moreover, discovery is scheduled to close on June 1, 2015 (*see* Minute Entry Dated July 17, 2014), but Plaintiff, who initiated this action against Defendant in March 2014, has not bothered to serve his Rule 26(a) Initial Disclosures. Plaintiff's utter and longstanding disregard for his discovery obligations is sanctionable. *See* Rule 37(a)(3)(A).

In compliance with his Rule 26(a) obligations, Plaintiff was required to provide, *inter alia,* "a computation of each category of damages claimed by" him in this litigation and to identify "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *See* Rule 26(a)(1)(A)(iii). Here, Plaintiff's actual damages calculation is critical to Defendant's defense strategy, as the only remaining claim in the Complaint seeks damages in connection with the ADEA.[1] As Plaintiff separated from Morton

---

[1] On June 6, 2014, Chief Judge James Shadid granted Defendant's Motion to Strike Plaintiff's untimely Illinois state law age discrimination claims. *See* Text Only Order -- Dated June 16, 2014.

FPDOCS 30340732.1

Buildings in October 2012, Defendant needs this calculation to determine whether further discovery resources should be allocated towards mitigation discovery (including subpoenas to third-parties). Thus, this Court should compel Plaintiff to serve his Initial Disclosures and to do so in a manner consistent with his Rule 26(a) obligation to provide complete answers, in good faith.

**II.    PLAINTIFF CANNOT JUSTIFY HIS DILATORY CONDUCT IN FAILING TO RESPOND TO DEFENDANT'S SEPTEMBER 2014 DISCOVERY REQUESTS.**

In the context of sanctionable conduct, "substantial justification" requires a showing that the opposing party's explanation for his/her conduct would satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The non-disclosing party bears the burden of establishing that his/her conduct was substantially justified. *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994).

Here, it is undisputed that Plaintiff failed to timely (or otherwise) respond to Defendant's September 3, 2014, First Set of Initial Discovery. Plaintiff's undisputed conduct reflects utter disregard for his discovery obligations, as more than a five months (**155 days as of February 6, 2015**) have passed without Plaintiff submitting any, let alone compliant, discovery responses. Moreover, Plaintiff failed to respond to discovery even after being advised that the instant motion would be filed on February 6, 2015. As Plaintiff initiated this litigation against Defendant, there is no logical explanation for his dilatory conduct in failing to prosecute his claims.

"The great operative principle of Rule 37(a)(5) is that the loser pays." *Gagan v. Monroe*, No. 2:87-cv-732, 2014 U.S. Dist. LEXIS 159189, at *13 (N.D. Ind. Nov. 10, 2014) (citing Charles Alan Wright *et al.*, Federal Practice and Procedure Civil § 2288 (3d ed.)). The fact that this Court had not previously issued an order compelling Plaintiff's responses to Morton

Buildings' discovery has no legal import in the issuance of appropriate discovery sanctions. *See Universal Bus. Computing Co. v. Comprehensive Account. Corp.*, No. 82 C 3028, 1985 U.S. Dist. LEXIS 18550, at *29-30 (N.D. Ill. June 25, 1985) ("[N]o court order or violation of an order is required to bring Rule 37(d) into effect. C. Wright & A. Miller, Federal Practice and Procedure, § 2291 at 807 (1970 ed.). Rule 37(d) addresses a party's failure to respond to the *initial request* for discovery.") (Emphasis added).

Against the foregoing backdrop, Seventh Circuit district courts have not hesitated to enforce the mandates of Rule 37. *See e,g.*, *Owens v. Jobworks, Inc.*, No. 2:12-CV-284-PRC, 2015 U.S. Dist. LEXIS 120, at *3 (N.D. Ind. Jan. 5, 2015) (Magistrate Judge Cherry, in awarding, among other things, monetary sanctions in response to two deposition no shows by the plaintiff, held that: "[B]ecause Plaintiff's position was not substantially justified, an award of fees and costs is also required. *See* Fed. R. Civ. P. 37(d)(3) ('the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees')); *Sebring Homes Corp. v. T.R. Arnold & Assocs.*, 927 F. Supp. 1098, 1103 (N.D. Ind. Dec. 18, 1995) (granting attorneys' fees where overdue discovery responses (less than a month) were served only after the defendant had incurred expenses in connection with filing its motion to compel); *Grady v. Affiliated Computer Servs. ACS*, No. 1:13-cv-00342, 2014 U.S. Dist. LEXIS 160547, at *6 (S.D. Ind. Nov. 13, 2014) (awarding $5,002.50 in attorneys' fees in connection with a *pro se* plaintiff's failure to comply with his discovery obligations for several months).

In the event that Plaintiff serves his Initial Disclosures and/or discovery responses after Morton Building's filing of this motion, such actions do not forestall entry of an order granting Morton Buildings its attorneys' fees. See Rule 37 ("[I]f the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard,

FPDOCS 30340732.1

require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion.").

In the absence of clear evidence as to the culpable party, litigants and their counsel are jointly liable for non-compliance with the discovery rules. As Judge Manning explained in *Mearday-Carter v. McDonald's Corporation*:

> The remaining issue is who should pay the expenses: plaintiff or her counsel. Based on the absence of any information as to why the responses were not served, it is difficult to determine exactly who is ultimately responsible, although it is clear that plaintiff's counsel is culpable for his own statements and his promises that were not carried out. Accordingly, the court concludes that the better course is to make them jointly and severally liable, to let Manpower collect from either or both, and to let plaintiff and her counsel arrange such indemnification or reimbursement between them as they see fit.

No. 11 C 5232, 2012 U.S. Dist. LEXIS 128298, at *7 (N.D. Ill. Sept. 10, 2012).

Accordingly, Plaintiff's counsel is responsible for his empty discovery promises and Plaintiff is responsible for any action or inaction on his part.[2] Absent clear evidence as to the more culpable party, this Court should issue sanctions jointly and severally among Plaintiff and his counsel. *See Mearday-Carter, supra.*

## CONCLUSION

**WHEREFORE,** Defendant Morton Buildings, Inc. respectfully requests that this Court grant its motion as articulated above and enter an appropriate order compelling Plaintiff to provide (a) complete and full responses to Defendant's First Set of Interrogatories; (b) complete and full responses to Defendant's First Set of Production Requests; and (c) serve complete and full Rule 26(a) Initial Disclosures. Defendant also requests leave to file a fee petition, pursuant

---

[2] Plaintiff and his counsel bear the burden of explaining/justifying their respective actions/inaction. *See Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994).

9

to Fed. R. Civ. P. 37(d)(3) and 37(a)(5)(A), for the costs and fees incurred as a direct result of

Plaintiff's blatant and undisputable refusal to comply with Rules 26, 33, and 34.


February 6, 2015                                    Respectfully submitted,

                                                    MORTON BUILDINGS, INC.

                                        By:    *s/ Paul Burmeister*
                                                One of the Attorneys for Defendant

Paul Burmeister
Brian K. Jackson
FISHER & PHILLIPS LLP
10 S. Wacker Drive
Suite 3450
Chicago, IL 60606
(312) 346-8061

FPDOCS 30340732.1

## CERTIFICATE OF SERVICE

The undersigned attorney of FISHER & PHILLIPS LLP certifies as follows:

That, on February 6, 2015, I electronically filed **MORTON BUILDINGS' MOTION TO COMPEL** and the foregoing **MEMORANDUM OF LAW IN SUPPORT IN SUPPORT OF MORTON BUILDINGS' MOTION TO COMPEL** with the Clerk of the Court using the CM/ECF system, and caused to be served a true and correct copy of same to the following:

> Richard L. Steagall
> Ryan S. McCracken
> Nicoara & Steagall
> 416 Main Street, Suite 815
> Peoria, IL 61602-1115

> *s/ Paul Burmeister*
> Paul Burmeister

11