E-FILED
Tuesday, 21 April, 2015 01:40:24 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CHARLES PITTMAN,
    Plaintiff,

v.

MORTON BUILDINGS, INC.,
    Defendant.

Case No. 1:14-cv-01120-JEH

**Order**

Now before the Court is the Defendant's, Morton Buildings, Inc.'s, Fee Petition (Doc. 21). This matter is fully briefed, and for the reasons set forth below, the Petition is GRANTED and the Defendant is awarded fees and costs in the amount of $4,535.02 less $281.60 ($4,253.42) pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**I**

On February 6, 2015, the Defendant filed a Motion to Compel (Doc. 19) with supporting Memorandum of Law (Doc. 20). In the Motion to Compel, the Defendant detailed its efforts to obtain responses to its outstanding discovery requests, detailed the pertinent portions of FRCP 37, and explained why the Plaintiff's conduct in failing to respond to discovery requests was sanctionable. The Plaintiff, Charles Pittman, did not file a response to the Motion and nothing was filed by Pittman on the docket to indicate that he provided the Defendant with discovery responses upon his receipt of the Motion to Compel. Accordingly, on March 4, 2015, the Court entered a Text Order granting the Defendant's Motion to Compel, directing the Plaintiff to provide the discovery identified, and giving the Defendant leave to file a fee petition within 7 days (by March 11, 2015) for the costs and fees incurred as a direct result of filing its Motion to Compel.

The Defendant filed its Fee Petition requesting $4,535.02 for fees and costs it represents it incurred as a result of filing the Motion to Compel on February 6th. The Defendant provided a breakdown of the time spent by its two attorneys (one a Senior Associate Attorney and one Of Counsel) and one paralegal, charges for the time spent by the two attorneys and one paralegal, and charges incurred from Lexis Nexis searches and FedEx delivery charges. The Defendant maintains that the charges are reasonable, that the time spent in relation to Defendant's efforts to have the Plaintiff adhere to his discovery obligations was reasonable, that the time spent in relation to Defendant's Motion to Compel was reasonable, and that the Plaintiff and his attorney should be ordered to tender payment within thirty days.

In his Response, the Plaintiff argues that 4.5 hours was a reasonable time expended in obtaining the Motion to Compel rather than the 20.5 hours actually spent by the Defendant's counsel. The Plaintiff also argues that there was no need for FedEx delivery charges because this Court has used the ECF system since 2005. While the Plaintiff states that he does not object to the Defendant's attorneys' rates at $220 per hour, he argues that a $1,000 award for sanctions on discovery matters is the range usually awarded by the judges of this Court.[1]

## II

The Plaintiff does not dispute that the Defendant's attorneys' hourly rate of $220 is reasonable, nor does the Plaintiff dispute that the lodestar method is the correct way to determine the amount of a reasonable fee. Instead, the Plaintiff's dispute is limited, first, to the amount of hours Defendant's counsel expended in bringing the February 6th Motion to Compel. Without explanation as to how he arrived at the numbers, the Plaintiff argues that the "reasonable time" expended in obtaining the Motion to Compel was .25 hours for three letters and a telephone call

---

[1] It appears that the Response inadvertently left out citations to cases from the Central District of Illinois in support of the Plaintiff's statement to this effect.

2

on discovery, .50 hours to review FRCP 37, and 3 hours of preparation for the Motion and review of the Order granting the Motion.

> FRCP 37(a)(5)(A) provides in relevant part:
>
> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*. If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

A "movant's reasonable expenses incurred in making the motion" are those "expenses that would not have been incurred had the other party complied with the discovery rules . . . ." 2 Discovery Proceedings in Federal Court § 22:32 (3d ed). While FRCP 37(a)(5)(A) provides circumstances in which a court must not order payment of reasonable expenses, the Plaintiff does not argue that any of those circumstances apply. See FRCP 37(a)(5)(A)(i), (ii), (iii). Nevertheless, the Court must remain mindful that "an award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Insurance Co v Craig*, 995 F2d 1376, 1382 (7th Cir 1993).

The factors courts have considered in determining whether the expenses sought under FRCP 37(a)(5)(A) are reasonable include the complexity of the work performed, who performed the work, and whether duplication occurred. See *Catapult Communications Corp v Foster*, 2009 WL 2707040, *2 (ND Ill) (considering complexity of the nature of the work performed); *Romary Associates, Inc v Kibbi LLC*, 2011 WL 4948834, *3 (ND Ind) (considering complexity, who performed the work, and noting concern about duplication).

Here, the Defendant's counsel provided a detailed breakdown of the work done by Attorneys Paul Burmeister and Brian Jackson sufficient to show that there was no duplication of effort between the two attorneys. Furthermore, the detailed

3

breakdown of the work done by the attorneys (via Declaration and Billing Invoices) shows that it was not excessive. The work done by the attorneys included phone calls with and letters to the Plaintiff's counsel in an attempt to obtain compliance with the Defendant's discovery requests, legal research for the Motion to Compel and related Fee Petition, and drafting of the Motion to Compel and Fee Petition. Though courts within the Seventh Circuit have reduced the hours reasonably expended on motions to compel lacking in complexity, the hours expended by Defendants' counsel *in this case* did not exceed the complexity of the Motion to Compel or the Fee Petition they ultimately submitted to the Court. See *Romary*, 2011 WL 4948834, *3-4 (collecting cases that reduced the hours reasonably expended on motions to compel lacking in complexity); see also *Catapult Communications Corp*, 2009 WL 2707040, *2 (agreeing that the attorneys' fees incurred in bringing the fee petitions were recoverable under FRCP 37).

The Plaintiff next disputes the inclusion of paralegal fees in the expenses the Defendant requests to be paid by the Plaintiff. Specifically, the Plaintiff argues that Judge Shadid refused to award legal assistant time in an attorney's fee award in a different case in this District. The Court first notes the Plaintiff's statement about Judge Shadid's ruling in *Peterson v Apostolic Christian Home of Roanoke*, 1:11-cv-01212-JES-BGC, is somewhat misleading. Judge Shadid *did* allow an award, albeit in a smaller amount than that requested, for paralegal fees where the paralegal's work was of sufficient complexity to justify the efforts of a paralegal. Id, citing *People Who Care v Rockford Board of Education*, 90 F3d 1307, 1315 (7th Cir 1996). However, "[g]enerally, attorney or paralegal time should not be charged for administrative tasks." *Young v Accounts Recovery Bureau, Inc*, 2012 WL 3764014, *4 (SD Ind), citing S*pegon v Catholic Bishop of Chicago*, 175 F3d 544, 553 (7th Cir 1999).

Here, it is clear from the invoices that paralegal Gretchen Stewart billed for administrative tasks rather than tasks sufficiently complex to justify the use of a

4

paralegal, and thus the Court will reduce the amount the Defendant requests by $281.60 which represents the total amount billed for Ms. Stewart's services.

Finally, the Plaintiff's argument that there was no need for FedEx delivery of the Motion to Compel is rejected, as that Motion with its attachments and exhibits exceeded 30 pages, and so under Local Rule 5.8(A) the Defendant was required to provide a courtesy paper copy to the judge's chambers.

The Plaintiff and his counsel are jointly and severally obligated to pay the Defendant's reasonable expenses in the amount of $4,253.42. See *Sparrgrove v Wachter*, 2004 WL 1795238, *4 (WD Wis) (ordering the plaintiffs jointly and severally liable to the defendants for the costs and fees incurred as a result of a failed deposition and the filing of a motion to dismiss pursuant to FRCP 37(b)(2) for failure to comply with discovery rules).

### III

For the reasons set forth above, the Defendant's Fee Petition (Doc. 21) is GRANTED. However, the requested amount of $4,535.02 for fees and costs is reduced by $281.60. The Defendant is therefore awarded $4,253.42 for fees and costs incurred as a direct result of filing its Motion to Compel. The Defendant and his counsel are jointly and severally liable for that amount and must pay it within 30 days of the date of this Order.

Entered on April 21, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE
